IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHNNY HARRISON,
            Plaintiff,

v.                                                           Civil Action No. 3:12-cv-00224

US BANK NATIONAL ASSOCIATION,
*as Trustee under Pooling and Servicing*
*Agreement dated as of November 1, 2005,*
*MASTR Asset-back Securities Trust 2005-FRE1*
*Mortgage Pass-Through Certificates, Series 2005-FRE1*

            Defendant.

## **MEMORANDUM OPINION**

This matter is before the Court on the defendant's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will grant the motion in part and deny it in part.

The plaintiff, Johnny Harrison, contends that the defendant, US Bank National Association, unlawfully foreclosed on his house, in violation not only of the terms of his loan agreement but also of the bank's implied covenant of good faith and fair dealing. The complaint states a valid claim for breach of contract by alleging that US Bank did not comply with the contractual notice provision before the foreclosure. As a matter of law, however, US Bank cannot state an independent claim for violation of the covenant of good faith and fair dealing for two reasons: first, the implied covenant does not arise in real estate transactions, and, second, even if it did, the plaintiff's sole remedy is a breach of contract claim. Thus, the Court will grant the motion to dismiss in part and deny it in part.

## I. Statement of Facts

In connection with a mortgage on his home, Harrison executed a note and deed of trust, which imposed a lien on the property. Paragraph 6(C) of the note provided that the lender could accelerate the note in the event of a default after giving notice and at least a 30-day window to cure the default to the borrower. Harrison received a notice of default dated April 2, 2011, stating that failure to pay all outstanding obligations by May 2, 2011, would result in acceleration of the note and possible foreclosure on the property. Harrison alleges that US Bank actually mailed the notice well after April 2, but back-dated it so that it could appear to comply with the 30-day notice requirement. US Bank held a foreclosure sale on the property on July 13, 2011, and obtained title to the property after making the highest bid. The bank also reported the foreclosure to credit bureaus, allegedly damaging the plaintiff's credit rating.

## II. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a claim and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court must accept all the complainant's factual allegations as true and resolve factual differences in that party's favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Nevertheless, the Court need not accept the complainant's legal conclusions or any other unreasonable or unwarranted arguments as true. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In addition, the complainant must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*,

550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009).

The complaint instead "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint containing facts that are merely "consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557. A claim thus becomes "facially plausible" when the complainant offers "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678-79. Assessing whether a claim achieves plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Discussion

#### A. *Breach of Contract*

The plaintiff alleges that US Bank back-dated the notice of default, thus failing to provide the necessary 30-day notice and allegedly breaching the terms of paragraph 6(C) of the deed of trust. Taking these facts as true, the plaintiff has alleged facts sufficient to state a claim for which relief can be granted. The plaintiff has not identified any evidence supporting his allegation that the notice was back-dated, but his specific allegation rises above the level of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. The Court will not dismiss this well pleaded claim at this stage but notes that the alleged breach may be an appropriate issue for summary judgment.

### B. *Breach of Implied Covenant of Good Faith and Fair Dealing*

Harrison also alleges that the defendant breached the implied covenant of good faith and fair dealing by accelerating the note and foreclosing on the property. In particular, he points to the fact that the amount due on May 1, 2011, had to be paid by May 2, 2011, in order to avoid acceleration and foreclosure. Virginia, however, does not recognize an implied covenant of good faith and fair dealing in contracts outside of those governed by the Uniform Commercial Code (U.C.C.), and the U.C.C. "expressly excludes the transfer of realty from its provisions." *Greenwood Assocs. Inc. v. Crestar Bank*, 248 Va. 265, 270, (1994); *see also* Va. Code Ann. § 8.9A-109(d)(11) ("This title does not apply to the creation or transfer of an interest in or lien on real property, including a lease or rents thereunder. . . .") (previously codified at Va. Code Ann. § 8.9-104(j) (repealed by 2000 Va. Acts 1007, eff. July 1, 2001)). As a result, the plaintiff is barred by statute from arguing that the defendant breached the implied covenant of good faith and fair dealing, and his claim must therefore be dismissed.

Moreover, even when the covenant does exist as part of a commercial contract, "the failure to act in good faith . . . does not amount to an independent tort. The breach of the implied duty under the U.C.C. gives rise only to a cause of action for breach of contract." *Charles E. Brauer Co. v. Nationsbank of Va.*, 251 Va. 28, 33 (1996). The plaintiff has brought a separate breach of contract claim, and the Court shall permit that portion of the complaint to go forward. Harrison may therefore argue that US Bank did not uphold its obligations under their agreement, but insofar as the plaintiff seeks to argue that the defendant engaged in "bad faith" as an independent basis for his claim, the Court grants the defendant's motion to dismiss.[1]

---

[1] In addition, the plaintiff is foreclosed from arguing that US Bank lacked "good faith" merely by exercising its contractual rights. "The U.C.C. term 'good faith' is defined as 'honesty in fact in

## IV. Conclusion

For the reasons set forth above, the Court shall grant the motion to dismiss with respect to Count II of the Complaint—breach of the implied covenant of good faith and fair dealing—and deny the motion to dismiss with respect to Count I—breach of contract.

The Court shall enter an appropriate order.

Date: June 20, 2012
Richmond, VA

/s/ *[signature]*
John A. Gibney, Jr.
United States District Judge

---

the conduct or transaction concerned.'  When, as here, parties to a contract create valid and binding rights, one party does not breach the U.C.C.'s obligation of good faith by exercising such rights." *Brauer*, 251 Va. at 35 (citations omitted); *see also Bennett v. Bank of America*, No. 3:12-cv-34, 2012 WL 1354546, at *10 (E.D. Va. Apr. 18, 2012) (Hudson, J.).

5